IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MINDY WILLIAMS and
CARROLL WILLIAMS,

   Plaintiffs,

v.               Civil Action No.: 5:20-cv-200
                 Honorable John P. Bailey

DELAWARE NORTH IGAMING, INC.,
WHEELING ISLAND GAMING, INC. and
SCHINDLER ELEVATOR CORPORATION,

   Defendants.

**DEFENDANTS DELAWARE NORTH IGAMING, INC. AND
WHEELING ISLAND GAMING, INC.'S ANSWER TO COMPLAINT**

COME NOW Defendants Delaware North Igaming, Inc. and Wheeling Island Gaming, Inc., by counsel, Robert A. Lockhart and Cipriani & Werner, P.C., in response to the Complaint filed against them, and state as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

In response to the specific allegations contained in the Complaint, these Defendants respond as follows:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1. These Defendants admit that Plaintiff Carol Williams is an adult individual and is without sufficient information to admit or deny the remaining allegations in Paragraph 1 of the Complaint.

2. These Defendants admit that Plaintiff Carol Williams is an adult individual and is without sufficient information to admit or deny the remaining allegations in Paragraph 2 of the Complaint.

3. These Defendants admit the Delaware North Igaming, Inc. is a Delaware corporation licensed to conduct business in West Virginia and other locations throughout the United States and operates casinos and racetracks in Wheeling, West Virginia, and Cross Lanes, West Virginia, and denies the remaining allegations in Paragraph 3 of the Complaint.

4. These Defendants admit the allegations in Paragraph 4 of the Complaint.

5. These Defendants admit the allegations in Paragraph 5 of the Complaint.

6. These Defendants admit the allegations in Paragraph 6 of the Complaint.

7. These Defendants admit that Wheeling Island Gaming, Inc. has its principal place of business at 250 Delaware Avenue, Buffalo, Erie County, New York 14202 and denies the remaining allegations in Paragraph 7 of the Complaint.

8. These Defendants admit the allegations in Paragraph 8 of the Complaint.

9. These Defendants deny the allegations in Paragraph 9 of the Complaint.

10. These Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint requires no response.

12. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint.

13. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint requires no response.

15. These Defendants admit the allegations in Paragraph 15 of the Complaint.

16. These Defendants admit the allegations in Paragraph 16 of the Complaint.

17. These Defendants admit that, on August 21, 2019, Plaintiffs were guests/non-trespassers at Wheeling Island Casino and deny the remaining allegations in Paragraph 17 of the Complaint.

### **Count I – Negligence**

18. In response to the allegations incorporated in Paragraph 18 of the Complaint, these Defendants incorporate by reference their responses set forth in the preceding paragraphs.

19. These Defendants admit that, on August 21, 2019, Plaintiffs were guests/non-trespassers at Wheeling Island Casino and deny the remaining allegations in Paragraph 19 of the Complaint.

20. These Defendants admit the allegations in Paragraph 20 of the Complaint.

21. These Defendants deny that the escalator was left in a dangerous, hazardous and unsafe condition and admit the remaining allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains legal conclusions to which no response is required.

23. These Defendants admit that Plaintiffs fell on the escalator and deny the remaining allegations in Paragraph 23 of the Complaint.

24. These Defendants deny the allegations in Paragraph 24 of the Complaint.

25. These Defendants admit that they had a duty to maintain the premises in a reasonably safe condition and deny the remaining allegations in Paragraph 25 of the Complaint.

26. These defendants are without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint.

27. These Defendants deny the allegations in Paragraph 27 of the Complaint.

3

28. These Defendants deny the allegations in Paragraph 28 of the Complaint.

29. These Defendants deny the allegations in Paragraph 29 of the Complaint.

30. These Defendants deny the allegations in Paragraph 30 of the Complaint.

31. These Defendants deny the allegations in Paragraph 31 of the Complaint.

32. These Defendants admit that they had a duty to have the escalator maintained in a reasonably safe condition and that Plaintiffs were making use of the escalator and deny the remaining allegations in Paragraph 32 of the Complaint.

33. These Defendants deny the allegations in Paragraph 33 of the Complaint.

34. These Defendants deny the allegations in Paragraph 34 of the Complaint.

35. These Defendants deny the allegations in Paragraph 35 of the Complaint.

36. These Defendants deny the allegations in Paragraph 36 of the Complaint.

37. These Defendants deny the allegations in Paragraph 37 of the Complaint.

## Count II – Strict Product Liability

38. In response to the allegations incorporated in Paragraph 38 of the Complaint, these Defendants incorporate by reference their responses set forth in the preceding paragraphs.

39. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint.

40. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 40 of the Complaint.

41. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 41 of the Complaint.

42. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 42 of the Complaint.

43. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 43 of the Complaint.

44. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 44 of the Complaint.

45. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 45 of the Complaint.

46. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 46 of the Complaint.

47. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 47 of the Complaint.

48. These Defendants are without sufficient information to admit or deny the allegations in Paragraph 48 of the Complaint.

49. These Defendants deny the allegations in Paragraph 49 of the Complaint.

50. These Defendants deny the allegations in Paragraph 50 of the Complaint.

51. These Defendants deny the allegations in Paragraph 51 of the Complaint.

52. These Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Unless expressly admitted herein, all allegation in the Complaint are denied.

### THIRD DEFENSE

Plaintiffs' damages are the result, in whole or in part, of their own negligence.

### FOURTH DEFENSE

Plaintiffs' damages are the result of acts or omissions of parties other than these Defendants.

## FIFTH DEFENSE

These Defendants reserve the right to assert any additional affirmative defenses which may become evident in the further development of this litigation.

**WHEREFORE**, having answered, Delaware North Igaming, Inc. and Wheeling Island Gaming, Inc. request that the Complaint filed against them be dismissed and that they be awarded their costs and attorney fees incurred herein, and such further relief as the Court deems appropriate.

                                               **DELAWARE NORTH IGAMING, INC. and WHEELING ISLAND GAMING, INC.**

                                               **By Counsel**

*/s/ Robert A. Lockhart*_____
Robert A. Lockhart (WVSB #4657)
CIPRIANI & WERNER, P.C.
500 Lee Street East, Suite 900
Charleston, West Virginia 25301
304-341-0500 (Telephone)
304-341-0507 (Facsimile)
rlockhart@c-wlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MINDY WILLIAMS and
CARROLL WILLIAMS,

      Plaintiffs,

v.                                                        Civil Action No.: 5:20-cv-200
                                                       Honorable John Preston Bailey

DELAWARE NORTH IGAMING, INC.,
WHEELING ISLAND GAMING, INC. and
SCHINDLER ELEVATOR CORPORATION,

      These Defendants.

## CERTIFICATE OF SERVICE

    I, Robert A. Lockhart, Esquire, undersigned counsel for Defendants Delaware North Igaming, Inc. and Wheeling Island Gaming, Inc., hereby certify that the foregoing *"Defendants Delaware North Igaming, Inc. and Wheeling Island Gaming, Inc.'s Answer to Complaint"* has been electronically filed with the Clerk of the Court, this 11th day of November 2020, using the CM/ECF system which will send notification of such filing to counsel of record.

                        Ronald W. Zavolta, Esquire (WVSB #8739)
                        Paul J. Ratcliffe, Esquire (WVSB #13453)
                                  Zavolta Law Office
                                1287 Fairmont Pike Road
                                Wheeling, West Virginia 26003
              *Counsel for Plaintiffs Mindy Williams and Carroll Williams*

                                Steven H. Wyckoff, Esquire
                                Wyckoff Law Offices
                        Law & Finance Building – Suite 1808
                                429 4th Avenue
                              Pittsburgh, Pennsylvania 15219
              *Counsel for Defendant Schindler Elevator Corporation*

                                                            */s/ Robert A. Lockhart*_____
                                                            Robert A. Lockhart (WVSB #4657)