# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| MINDY WILLIAMS and ) <br> CARROLL WILLIAMS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> *DELAWARE NORTH IGAMING, INC.*, ) <br> *WHEELING ISLAND GAMING, INC.* and ) <br> SCHINDLER ELEVATOR ) <br> CORPORATION, ) <br> ) <br> Defendants. ) | Civil Action No.:5:20-CV-200 (Bailey) |

## ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM

AND NOW, comes Defendant, Schindler Elevator Corporation, by and through its counsel, Steven H. Wyckoff, Esquire, and herewith files and serves the following Answer, Affirmative Defenses, and Cross-Claim to Plaintiffs' Complaint:

### [ANSWER]

1. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 1 of Plaintiffs' Complaint and the same are therefore denied.

2. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 2 of Plaintiffs' Complaint and the same are therefore denied.

3. The allegations of fact set forth in Paragraph 3 of Plaintiffs' Complaint are directed to a party other than this Defendant and, therefore, no response is required of this Defendant with respect thereto.

4. The allegations of fact set forth in Paragraph 4 of Plaintiffs' Complaint are directed to a party other than this Defendant and, therefore, no response is required of this Defendant with respect thereto.

5. The allegations of fact set forth in Paragraph 5 of Plaintiffs' Complaint are directed to a party other than this Defendant and, therefore, no response is required of this Defendant with respect thereto.

6. The allegations of fact set forth in Paragraph 6 of Plaintiffs' Complaint are directed to a party other than this Defendant and, therefore, no response is required of this Defendant with respect thereto.

7. The allegations of fact set forth in Paragraph 7 of Plaintiffs' Complaint are directed to a party other than this Defendant and, therefore, no response is required of this Defendant with respect thereto.

8. The allegations of fact set forth in Paragraph 8 of Plaintiffs' Complaint are directed to a party other than this Defendant and, therefore, no response is required of this Defendant with respect thereto.

9. The allegations of fact set forth in Paragraph 9 of Plaintiffs' Complaint are directed to a party other than this Defendant and, therefore, no response is required of this Defendant with respect thereto.

10. The allegations of fact set forth in Paragraph 10 of Plaintiffs' Complaint are directed to a party other than this Defendant and, therefore, no response is required of this Defendant with respect thereto.

11. The allegations set forth in Paragraph 11 of Plaintiffs' Complaint do not require a response since they are simply describing the intent of Plaintiffs' use of the reference "Wheeling Island Casino" in the pleadings.

12. The allegations of fact set forth in Paragraph 12 of Plaintiffs' Complaint are admitted in part and denied as stated in part. It is admitted that Schindler Elevator Corporation was duly organized

under the laws of the State of Delaware and is engaged in, among other business, the design, installation, maintenance and repair of escalators throughout the United States, including the State of West Virginia, and that it is authorized to conduct business within the State of West Virginia. To the extent that it is alleged, or implied, that escalators are manufactured and distributed as completed units, such allegations are denied. To the contrary, various component parts necessary to the construction of the escalator specified by the architect for the building in which escalators are to be installed are shipped to the construction site for sequential assembly and integration into the real property.

13. The allegations of fact set forth in Paragraph 13 of Plaintiffs' Complaint are admitted.

14. The allegations set forth in Paragraph 14 of Plaintiffs' Complaint do not require a response since they are simply describing the intent of Plaintiffs' use of the reference "subject escalator" in the pleadings.

15. The allegations of fact set forth in Paragraph 15 of Plaintiffs' Complaint, to the extent that they are asserted against this Defendant, are denied. This Defendant did not own, lease or provide the subject escalator as alleged.

16. The allegations of fact set forth in Paragraph 16 of Plaintiffs' Complaint are admitted with the understanding that this Defendant's obligations with respect to the subject escalator are as defined and limited by virtue of the terms and conditions of the agreement to which it was a party.

17. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 17 of Plaintiffs' Complaint and the same are therefore denied.

(Answer to Count I)

18. To the extent that Paragraph 18 of Plaintiffs' Complaint incorporates by reference all paragraphs of the Complaint, this Defendant responds thereto by incorporating all paragraph responses as set forth herein with the same force and effect as though specifically re-pleaded.

19. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 19 of Plaintiffs' Complaint and the same are therefore denied.

20. The allegations of fact set forth in Paragraph 20 of Plaintiffs' Complaint are admitted.

21. The allegations of fact set forth in Paragraph 21 of Plaintiffs' Complaint are denied to the extent that they are directed to this Defendant. To the contrary, this Defendant, neither owned, nor exercised possession, management, or control over the premises generally or specifically as pertains to the interior premises, customer walkways or the subject escalator and its component parts. It is also specifically denied that the subject escalator was in a dangerous, hazardous, or unsafe condition.

22. The allegations set forth in Paragraph 22 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, this Defendant continues to deny possession, ownership, management, and/or control as alleged and asserts that any obligation and/or duty it may have is as defined and limited by virtue of the terms and conditions of the agreement to which it was a part. Further, since Plaintiffs have failed to identify the individuals allegedly acting on behalf of this Defendant, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of such allegations and the same are therefore denied.

23. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 23 of Plaintiffs' Complaint to the extent that they describe the event and the nature and extent of the injuries allegedly sustained and the same are therefore denied. It is specifically denied that the subject escalator was unmaintained, unsafe, dangerous, and/or hazardous at any time material hereto.

24. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 24 of Plaintiffs' Complaint and the same are therefore denied.

25. The allegations set forth in Paragraph 25 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that this Defendant's obligations with respect to the subject escalator are as defined and limited by virtue of the terms and conditions of the agreement to which it was a party and it is specifically denied that any unsafe condition existed with regard to the subject escalator for which this Defendant had any actual or constructive knowledge.

26. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 26 of Plaintiffs' Complaint and the same are therefore denied since Plaintiffs have failed to identify those individuals allegedly acting on this Defendant's behalf, nor the conduct that was allegedly carried out as being within the course and scope of their duties.

27. The allegations set forth in Paragraph 27 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, this Defendant denies any negligence on its part or on the part of any of its agents or employees who, at all times material hereto, exercised reasonable care and caution under the circumstances. It is specifically denied that any dangerous or unsafe condition existed with regard to the subject escalator or that Plaintiffs sustained any injuries or damages as a direct and proximate result of any negligence on the part of this Defendant or on the part of any of its agents or employees.

28. The allegations of fact set forth in Paragraph 28 of Plaintiffs' Complaint, to the extent directed to this Defendant, are denied. To the contrary, due care and caution was exercised by this Defendant, and by any of its agents and/or employees, in the installation, maintenance, inspection, cleaning, repair and monitoring of the subject escalator to the extent that such obligations may have arisen pursuant to the agreement to which it was a party and it is denied that any conduct on the part of this Defendant, or on the part of any of its agents or employees directly and proximately caused Plaintiffs to sustain any injuries or damages.

29. The allegations set forth in Paragraph 29 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that this Defendant, and any of its agents and/or employees, exercised due care and caution at all times material hereto.

30. The allegations set forth in Paragraph 30 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that this Defendant, and any of its agents and/or employees, exercised due care and caution at all times material hereto. It is specifically denied that the subject escalator was in an unreasonably unsafe condition. To the contrary, the subject escalator was safe and fit for its intended use at all times material hereto.

31. The allegations of fact set forth in Paragraph 31 of Plaintiffs' Complaint are denied to the extent that they are directed to this Defendant. To the contrary, the subject escalator was free from defect and fit for its intended use at all times material hereto. There was no unsafe, dangerous, and/or hazardous condition existing with regard to the subject escalator of which this Defendant had actual or constructive knowledge or which was created as a result of any conduct on the part of this Defendant or any of its agents and/or employees who, at all times material hereto, acted with due care and caution under the circumstances.

32. The allegations set forth in Paragraph 32 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that this Defendant, and any of its agents and/or employees, exercised due care and caution at all times material hereto. It is specifically denied that the subject escalator was in an unreasonably unsafe condition. To the contrary, the subject escalator was safe and fit for its intended use at all times material hereto.

33. The allegations set forth in Paragraph 33 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that this Defendant, and any of its agents and/or employees, exercised due care and caution at all

times material hereto. There was no unsafe, dangerous, and/or hazardous condition existing with regard to the subject escalator of which this Defendant had actual or constructive knowledge or which was created as a result of any conduct on the part of this Defendant or any of its agents and/or employees who, at all times material hereto, acted with due care and caution under the circumstances.

34. The allegations set forth in Paragraph 34 of Plaintiffs' Complaint, and sub-paragraphs a. through n. thereof, constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that that this Defendant, and any of its agents and/or employees, exercised due care and caution at all times material hereto.

35. The allegations set forth in Paragraph 35 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that this Defendant, and any of its agents and/or employees, exercised due care and caution at all times material hereto and that the subject escalator was free from defect and safe for its intended use and would not constitute a nuisance as alleged.

36. The allegations set forth in Paragraph 36 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that this Defendant, and any of its agents and/or employees, exercised due care and caution at all times material hereto and that the subject escalator was free from defect and safe for its intended use and would not constitute a nuisance as alleged. There was no unsafe condition existing with respect to the subject escalator of which this Defendant had, or should have had any knowledge.

37. The allegations set forth in Paragraph 37 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that Plaintiffs did not sustain any injuries or damages as a direct or proximate result of any carelessness, recklessness, negligence and/or violation of law on the part of this Defendant, or on the part of any of its agents and/or employees who, at all times material hereto, exercised reasonable care and caution under the circumstances.

WHEREFORE, Defendant, Schindler Elevator Corporation, denies any liability to Plaintiffs pursuant to Count I of Plaintiffs' Complaint and demand that Plaintiffs' Complaint be dismissed with costs of suit to be borne by Plaintiffs.

(Answer to Count II)

38. To the extent that Paragraph 38 of Plaintiffs' Complaint incorporates by reference all paragraphs of the Complaint, this Defendant responds thereto by incorporating all paragraph responses as set forth herein with the same force and effect as though specifically re-pleaded.

39. The allegations set forth in Paragraph 39 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that the subject escalator was installed free from defect and fit for its intended use.

40. The allegations set forth in Paragraph 40 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that all component parts were free from defect and the subject escalator was installed free from defect and fit for its intended use.

41. The allegations set forth in Paragraph 41 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that the subject escalator was installed free from defect and fit for its intended use.

42. The allegations set forth in Paragraph 42 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that the subject escalator was installed free from defect and fit for its intended use.

43. The allegations set forth in Paragraph 43 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that the subject escalator was installed free from defect and fit for its intended use.

44. The allegations set forth in Paragraph 44 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that the subject escalator was installed free from defect and fit for its intended use and, therefore,

there was no unsafe and/or defective condition of which this Defendant could have had such knowledge.

45. The allegations set forth in Paragraph 45 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, it is stated that the subject escalator was installed free from defect and fit for its intended use.

46. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 26 of Plaintiffs' Complaint and the same are therefore denied.

47. The allegations of fact set forth in Paragraph 47 of Plaintiffs' Complaint are denied. To the contrary, the subject escalator was safe and fit for its intended use and, therefore, there was no defective condition of which this Defendant had, or should have had, any knowledge at any time material hereto.

48. The allegations of fact set forth in Paragraph 48 of Plaintiffs' Complaint are denied. To the contrary, the subject escalator was safe and fit for its intended use and, therefore, there was no defective or unsafe condition existing with respect to the subject escalator which could have been the direct and proximate cause of the injuries, damages and losses allegedly sustained by Plaintiffs.

49. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 49 of Plaintiffs' Complaint to the extent that they pertain to the nature and extent of the injuries and damages allegedly sustained by Plaintiffs and the same are therefore denied. It is specifically denied that Plaintiffs sustained any injuries or damages for which this Defendant bears any responsibility.

50. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 50 of Plaintiffs' Complaint to the extent that they pertain to the nature and extent of the injuries and damages allegedly sustained by Plaintiffs and the same

are therefore denied. It is specifically denied that Plaintiffs sustained any injuries or damages for which this Defendant bears any responsibility.

51. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of fact set forth in Paragraph 51 of Plaintiffs' Complaint to the extent that they pertain to the nature and extent of the injuries and damages allegedly sustained by Plaintiffs and the same are therefore denied. It is specifically denied that Plaintiffs sustained any injuries or damages for which this Defendant bears any responsibility.

52. The allegations set forth in Paragraph 52 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. However, to the extent that a response may be required, this Defendant denies that it violated West Virginia law or that its conduct with respect to the subject escalator establishes any basis for liability on the part of this Defendant, let alone gives rise to the imposition of punitive damages.

WHEREFORE, Defendant, Schindler Elevator Corporation, denies any liability to Plaintiffs pursuant to Count II of Plaintiffs' Complaint and demand that Plaintiffs' Complaint be dismissed with costs of suit to be borne by Plaintiffs.

**AFFIRMATIVE DEFENSES**

(First Affirmative Defense)

This Defendant assert that Plaintiffs' claims may be barred in whole or in part by virtue of the contributory negligence of Plaintiffs and the application of the West Virginia Modified Comparative Fault law, § 55-7-13A.

(Second Affirmative Defense)

All or part of plaintiffs' claims may be barred by virtue of the applicable Statute of Repose, § 55-2-6A.

(Third Affirmative Defense)

Plaintiffs' Complaint fails to state a claim upon which relief can be granted to the extent that Plaintiffs seek the imposition of punitive damages.

(Fourth Affirmative Defense)

To the extent that Plaintiffs may have sustained the injuries and damages alleged, a fact which is not admitted, then, in that event, those damages and injuries were the proximate result of the conduct of individuals over whom this defendant had no duty, nor opportunity, to exercise control and, therefore, this Defendant can have no liability with respect thereto.

(Fifth Affirmative Defense)

Should it be determined that Plaintiffs failed to properly utilize the subject escalator, then such misuse may bar Plaintiffs' claims in whole or in part.

WHEREFORE, Defendant, Schindler Elevator Corporation, continues to deny any liability to Plaintiffs and asserts the Affirmative Defenses hereinabove as a complete and/or partial bar to the claims being asserted.

## CROSS-CLAIM AGAINST CO-DEFENDANTS

1. Solely for the purposes of preserving claims for contribution and/or indemnity, this Defendant incorporates by this reference those allegations set forth in Plaintiffs' Complaint to the extent that they are directed to Co-Defendants

2. In the event that Plaintiffs have sustained the injuries and damages as alleged, a fact which this Defendant does not admit, then, to that extent, those damages and injuries are the sole and proximate result of the conduct of Co-Defendants and, therefore, Co-Defendants, should be held either solely to Plaintiffs therefore. In the alternative, should this Defendant be held liable for any sums whatsoever, such liability being denied, then, in that event, Co-Defendants should be held liable over to this Defendant for contribution and/or indemnity.

3. As set forth hereinabove, possession and control of the subject premises and escalator was retained by Co-Defendants who had a responsibility, among others, to advise, warn, or instruct passengers in the proper use of the equipment and, further, to notify this Defendant of any operational problems, malfunctions, and/or accidents involving the subject elevator.

4.      To the extent that it may be determined that Co-Defendants failed to adequately advise, warn, or instruct Plaintiffs in the proper use of the subject escalator or failed to notify this Defendant of operational problems, malfunctions, and/or accidents, and such failures either directly lead to the incident in questions or compromised this Defendant's opportunity to remedy any deficiencies which may have caused or contributed in any way to Plaintiffs' injuries and damages, then, in that event, Co-Defendants should be held either solely liable to Plaintiffs or, in the alternative, should be held liable over to this Defendant for contribution and/or indemnity.

5.      In accordance with Paragraph 10 of the Terms and Conditions of the Contract between this Defendant and Co-Defendants, Co-Defendants are obligated to defend, indemnify and hold this Defendant harmless of and from any claims arising out of or in connection with the agreement and/or the equipment unless caused directly and solely by this Defendant's established fault.

WHEREFORE, Defendant, SCHINDLER ELEVATOR CORPORATION, continues to deny any liability to Plaintiffs for any sums whatsoever, and further asserts that should anyone be held liable to Plaintiffs, Co-Defendants should be held solely liable to Plaintiffs. In the alternative, should this Defendant be held liable for any sums whatsoever, such liability being denied, then, in that event, Co-Defendants should be held liable over to this Defendant for contribution and/or indemnity. Defendant, Schindler Elevator Corporation further asserts a claim for indemnity for costs, expenses and attorney fees incurred in the defense of the within action against Co-Defendants pursuant to the terms and conditions of the agreement between the parties.

                          Respectfully Submitted,

                          WYCKOFF LAW OFFICES
By:    /s/*Steven H. Wyckoff*_____
            Steven H. Wyckoff, Esquire
            WV I.D. #8920
            Law & Finance Building
            Suite 1408
            429 4th Avenue
            Pittsburgh, PA  15219
            Tel. No.:    (412) 281-3233
            Mobile No.:    (412) 260-4127
            Fax No.:    (412) 281-3250
            E-mail:  WyckoffSteve@aol.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically this 16th day of December, 2020 and that all parties are to be served through the CM/ECF electronic filing system of the United States District Court for the Northern District of West Virginia.

                          WYCKOFF LAW OFFICES

BY:    /s/ *Steven H. Wyckoff*_____
            Steven H. Wyckoff, Esquire
            WV I.D. #8920
            Law & Finance Building
            Suite 1408
            429 4th Avenue
            Pittsburgh, PA 15219-1505
            Tel. No.:    (412) 281-3233
            Mobile No.:    (412) 260-4127
            Fax. No.:    (412) 281-3250
            E-mail:WyckoffSteve@aol.com